9 F.3d 110
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jamil F. WILKINSON, Defendant-Appellant.
 No. 92-4376.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 On Appeal from the United States District Court for the Southern District of Ohio, No. 92-00064; Rice, J.
 S.D.Ohio
 AFFIRMED.
 Before: MARTIN and JONES, Circuit Judges; and DEMASCIO, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Jamil F. Wilkinson appeals the sentence he received after pleading guilty to a charge of possession of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(g). Wilkinson contends that the district court erred in sentencing him to the maximum term of imprisonment for which he was eligible under the Federal Sentencing Guidelines. For the following reasons, we affirm the district court.
 
 
 2
 On July 5, 1991, Jamil F. Wilkinson entered the Ohio Loan Company in Dayton, Ohio and attempted to pawn a Lorcin .25 caliber semi-automatic pistol, from which the serial number had been removed and obliterated. Wilkinson was subsequently arrested. He had previously been convicted on May 14, 1990 in the Common Pleas Court of Montgomery County, Ohio of Aggravated Trafficking (of cocaine), which is punishable by a term of imprisonment exceeding one year.
 
 
 3
 Pursuant to an agreement with the government, Wilkinson pled guilty on August 11, 1992 in district court to possession of a firearm by a convicted felon. The court then released Wilkinson on an unsecured bond. The release order included the following conditions: (1) that Wilkinson report to Pretrial Services Officer David Deskins; (2) that Wilkinson refrain from using narcotic drugs; and (3) that Wilkinson participate in a rehabilitation program at the Nova House.
 
 
 4
 On October 16, Wilkinson appeared before the court for sentencing. Under the Sentencing Guidelines, given his criminal history category of two and his offense level of twelve, Wilkinson faced a sentence in the fifteen to twenty-one month range. In addition, the government moved for a two-level upward departure because the firearm Wilkinson possessed was a semi-automatic. The court denied the motion and, in light of Wilkinson's favorable rehabilitation, chose to continue the case for final disposition until February 19, 1993. During the four-month period of the continuance, the court instructed Wilkinson that he was to conduct himself "as if he were on probation," which included continuing treatment at the Nova House. If the defendant abided by these conditions, the court stated, it would entertain a defense motion for downward departure at sentencing in February.
 
 
 5
 On December 3, 1992, Pretrial Services Officer Deskins sent a Bond Violation/Show Cause Hearing Request to the court. Deskins based his request upon information that Wilkinson had been arrested on a domestic violence charge for physically abusing Vicki Wallish, the woman with whom he resided, and that the Nova House intended to drop Wilkinson from its treatment program due to his poor attendance record. Deskins also interviewed Wilkinson at the Montgomery County Jail, where he was being held on the domestic violence charge. In this interview, Wilkinson stated that he had relapsed into crack cocaine use and that he had been involved in a physical altercation with Wallish.
 
 
 6
 Wilkinson was subsequently brought, without counsel, before a magistrate judge on December 7. Upon questioning by the court, Wilkinson admitted to the crack cocaine use, but denied that he had fought with Wallish. In fact, he explained, Wallish had dropped the charges against him. Due to the absence of both Wilkinson's attorney and Officer Deskins, the court postponed formal bond revocation proceedings until the following day. At the December 8 hearing, at which Wilkinson was represented by counsel, Officer Deskins testified concerning the domestic violence charges against Wilkinson, Wilkinson's crack cocaine use, and his poor attendance record at the Nova House. Finding probable cause to support the charge that Wilkinson had committed domestic violence and rape offenses in violation of state law, and crediting clear and convincing evidence that Wilkinson had violated other conditions of his release, the court revoked his bond.
 
 
 7
 On December 11, the district court sentenced Wilkinson to a term of twenty-one months imprisonment and a three-year period of supervised release. Wilkinson filed a timely notice of appeal. The court subsequently filed an Order Supplementing Record, which stated that it was aware of the dismissal of the domestic violence charge against Wilkinson prior to its imposition of sentence and that Wallish, the complainant, delivered a copy of the dismissal entry to the court prior to sentencing.
 
 
 8
 Initially, Wilkinson contends that the government's failure to provide him with a copy of the dismissal entry filed on December 8 in the First District Court of Montgomery County violated his right to full disclosure under Brady v. Maryland, 373 U.S. 83 (1963). Wilkinson further maintains that both the December 7 proceeding at which he was not represented by counsel and the interview conducted by Officer Deskins at the Montgomery County Jail violated his Sixth Amendment right to counsel and his Fifth Amendment right against self-incrimination. The sentence imposed by the district court, Wilkinson concludes, may have been influenced both by the government's failure to disclose and by evidence gathered in violation of his constitutional rights, and therefore constituted prejudicial error.
 
 
 9
 It is well-settled that a defendant may only appeal (1) a sentence imposed in violation of the law, (2) a sentence imposed as a result of an incorrect application of the Guidelines, or (3) an upward departure from the Guidelines. United States v. Smith, 918 F.2d 664, 667 (6th Cir.1990) (paraphrasing 18 U.S.C. 3742(a)), cert. denied, 498 U.S. 1125 (1991). Wilkinson concedes that the district court correctly applied the Guidelines and imposed a sentence within the proper Guidelines range. This Court, therefore, has jurisdiction over this appeal only if Wilkinson alleges that the district court imposed his sentence in violation of the law. Wilkinson makes no such allegation. Rather, he merely calls into question the district court's discretion in sentencing him to the maximum allowable term within the mandated range. This Court has held that "we have no jurisdiction over appeals which argue that the district court failed to properly weigh certain factors in departing downward." United States v. Gregory, 932 F.2d 1167 (6th Cir.1991). Similarly, we have no jurisdiction over appeals that argue only that the district court may have failed to properly weigh certain factors in imposing an otherwise valid sentence within the applicable Guideline range.
 
 
 10
 Even if the issue were appealable, defendant's contentions are wholly without merit. First, the government's duty to disclose under Brady does not extend to evidence available to the defendant from another source, nor does the duty apply where the defendant is already aware of the essential facts that would enable him to take advantage of the evidence at issue. See United States v. Clark, 928 F.2d 733, 738 (6th Cir.) (citing cases), cert. denied, --- U.S. ----, 112 S.Ct. 144 (1991). Because Wilkinson himself explained to the court that the state had dropped the domestic violence charge against him, and because the state's dismissal was a matter of public record, the government was under no obligation to furnish Wilkinson with a copy of the dismissal entry. In any case, the Order Supplementing Record subsequently filed by the district court makes clear that the court was aware before sentencing that the state had dropped the charge against Wilkinson. Cf. United States v. Presser, 844 F.2d 1275, 1286 (6th Cir.1988) (Brady remedy available only if defendant shows reasonable probability that trial would not have resulted in conviction if evidence had been disclosed).
 
 
 11
 Second, neither Officer Deskins' interview of Wilkinson nor the December 7 proceedings violated Wilkinson's right to counsel. The Sixth Amendment right to counsel only attaches during critical stages of the prosecution. Kirby v. Illinois, 406 U.S. 682, 690 (1972). Initially, this Court recognizes that because a probation officer does not act on behalf of the prosecution, a presentence interview by a probation officer does not represent a "critical stage of the prosecution." United States v. Tisdale, 952 F.2d 934, 939-940 (6th Cir.1992). As Pretrial Services Officer Deskins also did not act on behalf of the prosecution, his interview of Wilkinson did not constitute a critical stage of the prosecution, and thus did not give rise to a right to counsel. Further, even if Wilkinson did have a right to counsel at the December 7 proceeding, he has made no showing that the proceeding led the sentencing court to consider any evidence it would not have otherwise weighed in imposing sentence on December 11. Any alleged prejudice stemming from the absence of counsel on December 7 is purely speculative, and thus any error in this regard was harmless. See United States v. Osterbrock, 891 F.2d 1216, 1218 (6th Cir.1989) (finding merely speculative prejudice resulting from the absence of defense counsel harmless beyond a reasonable doubt).
 
 
 12
 Third, Wilkinson has made no showing that court enhanced his sentence because of statements allegedly elicited from him in violation of his right against self-incrimination. Moreover, in regard to the Deskins' interview, this Court has specifically held that "the fifth amendment privilege against self-incrimination is not self-executing in the context of a meeting with a probation officer." United States v. Miller, 910 F.2d 1321, 1326 (6th Cir.1990), cert. denied, 498 U.S. 1094 (1991). Any choice on Wilkinson's part to reveal incriminating information to Officer Deskins, therefore, rather than timely asserting his Fifth Amendment privilege, cannot amount to a violation of the defendant's rights. Id. Wilkinson's Fifth Amendment claims are thus without merit.
 
 
 13
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior United States District Judge for the Eastern District of Michigan, sitting by designation