**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terrence Arnett YARBROUGH,**
**Defendant–Appellant.**

No. 01–6420.

United States Court of Appeals,
Sixth Circuit.

May 29, 2003.

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

Before: DAVID A. NELSON and COLE, Circuit Judges, and ROSEN, District Judge.*

DAVID A. NELSON, Circuit Judge.

In this direct criminal appeal, the defendant challenges the district court's answers to two questions: (1) whether a search of the defendant's home was conducted reasonably, and (2) whether the defendant possessed firearms in connection with a drug-trafficking offense. Seeing no error in the district court's answers, we shall affirm the defendant's conviction and sentence.

I

In July of 2000, state and federal law enforcement officers executed a search warrant at the home of Terrence Yarbrough in Memphis, Tennessee. (The house belonged to Mr. Yarbrough's mother, but he had a bedroom there and received mail at that address.) The search—at which Mr. Yarbrough was present—resulted in the discovery of firearms, cocaine powder, and counterfeit currency. Two of the weapons, including a loaded .357 Magnum, were found in Mr. Yarbrough's bedroom, as were drugs, drug paraphernalia, and the counterfeit bills. When the officers removed the firearms from the house, Yarbrough protested in these (or similar) words: "you can't take those guns, those are my guns."

A federal grand jury indicted Mr. Yarbrough on charges of possession of counterfeit currency with intent to defraud, possession of firearms as a convicted felon, and possession of cocaine with intent to distribute it. Contending that the officers had not knocked and announced their presence before entering the house, Mr.

Yarbrough moved to suppress all evidence uncovered in the search. The district court conducted an evidentiary hearing, at the conclusion of which the motion was denied.

Mr. Yarbrough then pleaded guilty to the cocaine and counterfeit currency charges, and the felon-in-possession charge was dropped. A pre-sentence report prepared by a probation officer recommended a two-level enhancement of the offense level for each of the surviving charges on the ground that Yarbrough possessed firearms in connection with his offenses. Mr. Yarbrough objected to the enhancements, but the district court overruled the objection. The court sentenced Mr. Yarbrough to imprisonment for 30 months, the bottom of the guideline range, and Yarbrough filed this timely appeal.

II

Mr. Yarbrough first challenges the denial of his motion to suppress. When considering such a challenge, this court reviews factual findings for clear error and legal conclusions de novo. See, e.g., United States v. Brown, 147 F.3d 477, 484 (6th Cir.), cert. denied, 525 U.S. 918, 119 S.Ct. 270, 142 L.Ed.2d 223 (1998).

"[I]n some circumstances an officer's unannounced entry into a home might be unreasonable under the Fourth Amendment." Wilson v. Arkansas, 514 U.S. 927, 934, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995). In the case at bar, however, three federal agents testified that the "knock and announce" procedure was properly followed before Mr. Yarbrough's home was entered. Although Yarbrough and a neighbor testified that they did not hear the officers knock and announce their

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

presence, the district court's decision to credit the agents' testimony was not clearly erroneous.

Offering a new argument for suppression, Mr. Yarbrough now contends that the officers' use of a "flashbang" device[1] while executing the search warrant was unreasonable under the Fourth Amendment. This argument not having been raised in the district court, we decline to consider it for the first time on appeal. See *United States v. Critton*, 43 F.3d 1089, 1093–94 (6th Cir.), *cert. denied*, 514 U.S. 1121, 1129, 115 S.Ct. 1987, 2004, 131 L.Ed.2d 873, 1004 (1995).

### III

Mr. Yarbrough's second challenge is to the enhancement of his offense level by reason of his alleged possession of firearms.[2] This court "review[s] a district court's factual finding that a defendant possessed a firearm during a drug-trafficking offense for clear error." *United States v. Hough*, 276 F.3d 884, 894 (6th Cir.), *cert. denied*, 535 U.S. 1089, 122 S.Ct. 1986, 152 L.Ed.2d 1042 (2002).

Under U.S.S.G. § 2D1.1(b)(1), the base offense level for a drug-trafficking crime is increased by two levels if the defendant possessed a firearm or other dangerous weapon. "[T]he government must establish that 1) the defendant actually or constructively possessed the weapon, and 2) such possession was during the commission of the offense." *Hough*, 276 F.3d at 894. Once the government satisfies that burden, the enhancement applies unless

the defendant can "show that it was 'clearly improbable' that the weapon was connected to the crime." *Id.* (quoting U.S.S.G. § 2D1.1, comment (n.3)).

Here there is evidence—Mr. Yarbrough's claim of ownership, for starters—that, at a minimum, Yarbrough constructively possessed the two firearms found in his bedroom. See *United States v. Bender*, 265 F.3d 464, 474 (6th Cir.2001), where we noted that constructive possession of an item may be shown by showing ownership of the item and dominion over the premises where it is found. The firearms in question here, one of which was loaded and concealed under the mattress of Mr. Yarbrough's bed, were in close proximity to drugs and drug paraphernalia. Mr. Yarbrough presented evidence that other persons had access to the bedroom, but in our view he failed to establish that a connection between his cocaine offense and the firearms was "clearly improbable."

Mr. Yarbrough argues that the district court's oral ruling on his objection to the enhancement was equivocal, the court having found that "there were weapons possessed in connection with either the drug or counterfeiting crime, or both." If the firearms were connected only to the counterfeiting crime, he argues, enhancement of the offense level for the drug crime was erroneous.

We see no error. The district court found unequivocally that "there were weapons co-located with ... drugs." This finding gave rise to a presumption that the guns and the drugs were connected, see

---

1. A "flashbang" creates a bright flash of light and a very loud noise; its purpose is to stun and disorient any occupants of premises to be searched.

2. Mr. Yarbrough actually received two separate enhancements—one relating to his counterfeiting offense, see U.S.S.G. § 2B5.1(b)(3), and another relating to his cocaine offense,

see U.S.S.G. § 2D1.1(b)(1). Yarbrough's appeal challenges only the enhancement of the offense level for the cocaine offense, presumably because that, as the higher of the two offense levels, is what determines his combined adjusted offense level. See U.S.S.G. § 3D1.4.

*Hough,* 276 F.3d at 894—and Mr. Yarbrough failed to rebut the presumption. In the light of the district court's "co-location" finding, as well as its acceptance of the probation officer's recommendation to apply the § 2D1.1(b)(1) enhancement, it does not strike us as reasonable to suppose that the court intended to suggest that the weapons might have been possessed in connection with the counterfeiting crime but not in connection with the drug crime.

**AFFIRMED.**