NOT RECOMMENDED FOR PUBLICATION
File Name: 04a0150n.06
Filed: December 7, 2004

No. 03-5624

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA, )
)
Plaintiff-Appellee, )
)
v. ) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR THE
PATRICK EUGENE CLARK, ) EASTERN DISTRICT OF TENNESSEE
)
Defendant-Appellant. )
) OPINION

**Before: GILMAN and SUTTON, Circuit Judges; and McKEAGUE, District Judge.**[*]

**RONALD LEE GILMAN, Circuit Judge.** Patrick Eugene Clark pled guilty to one count

of bank fraud and one count of mail fraud. He was sentenced to 46 months on each count, to be

served concurrently, followed by 5 years of supervised release. The court also ordered Clark to pay

restitution in the amount of $145,670.30 to the individuals he defrauded. In imposing the sentence,

the court determined that the amount of restitution should be offset by the amount, if any, that Clark

had already paid to his victims. Clark now appeals his sentence. His primary claim is that the

district court violated Rule 32 of the Federal Rules of Criminal Procedure by failing to make

adequate factual findings regarding the refunds that Clark had allegedly made to the defrauded

individuals. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

---

[*]The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting
by designation.

## I. BACKGROUND

Clark was charged with bank and mail fraud arising out of (1) a scheme to sell cars to which he did not have title, and (2) a scheme to solicit individuals by mail to apply for a supposedly pre-approved credit card issued by a fictitious bank. He pled guilty to one count of bank fraud and one count of mail fraud in connection with these schemes.

After he pled guilty, the United States Probation Office prepared a Presentence Report (PSR) in accordance with the Sentencing Guidelines. The probation officer who prepared the report set Clark's base offense level at 6. She then added 12 levels for the intended loss, which was in excess of $2 million, 2 levels for the scheme to defraud more than one victim, 2 levels for the use of mass marketing, and 2 levels for the use of "sophisticated means" to accomplish the fraud, specifically a website and professional printers. After deducting 3 levels for acceptance of responsibility, she concluded that Clark's adjusted offense level was 21. Given his lack of criminal history, Clark fell within criminal history category I. The officer then determined that the guideline range for an individual with a total offense level of 21 and a criminal history category of I was 37 to 46 months in prison. A list of the individuals whom Clark had defrauded was also attached to the PSR.

Neither Clark nor the government filed any written objections to the PSR. At the sentencing hearing, the district court questioned Clark about whether he had reviewed the report with his defense counsel, and Clark acknowledged that he had. Both Clark and the government stated that they had no objections to the PSR, but Clark's attorney noted that some of the victims listed in the

PSR as those to whom restitution was due had already received refunds and that the refunds should

be compared to the victim list.

The district court sentenced Clark to 46 months on each count, to be served concurrently,

followed by 5 years of supervised release. It also ordered Clark to pay restitution in the amount of

$145,670.30 to the victims listed in the PSR. In imposing the sentence, the court said:

> [Defense counsel] indicates that she believes that some of these victims have already
> been paid. So obviously if restitution has been already been [sic] paid to some of the
> victims, you do not have to pay restitution twice. That does not mean, however, if
> the victim has received restitution from some other source. Restitution is a personal
> obligation on your part, not on the part of some third party.

The court ordered Clark to pay at least 50 percent of any wages earned in a Federal Prison Industries

job toward his restitution obligation, or if he did not take such a job, to pay at least $25 per quarter

toward the restitution obligation.

Clark now appeals his sentence. His primary arguments on appeal are that the district court

should have made factual findings regarding the alleged refunds to victims that would offset the

order of restitution and that the district court should have either established a payment schedule or

expressly delegated the authority to do so to the Probation Office. He also argues that the district

court should not have imposed a sentence at the top of the guideline range given the circumstances

of his case, but instead should have imposed a sentence at the bottom of the guideline range. Clark

further argues that the district court failed to consider his financial situation when it ordered him to

pay a percentage of his earnings toward restitution while he is incarcerated. His attorney apparently

advised him that the latter two issues are without merit, but Clark nevertheless instructed her to raise

them on appeal. Finally, Clark challenges the constitutionality of the Sentencing Guidelines in light

of *Blakely v. Washington*, 124 S.Ct. 2531 (2004).

## II. ANALYSIS

### A. Standard of review

We review a district court's findings of fact in relation to the application of the Sentencing

Guidelines under the deferential "clearly erroneous" standard. *United States v. Latouf*, 132 F.3d

320, 331 (6th Cir. 1997). The district court's determination of whether the particular facts of the

case warrant the application of a specific provision of the Guidelines, however, is reviewed de novo.

*See Razavi v. Commissioner*, 74 F.3d 125, 127 (6th Cir. 1996) ("Mixed questions of law and fact

are reviewed de novo.").

With respect to restitution, we review de novo whether a restitution order is legally

permissible, but apply the "abuse of discretion" standard in reviewing the amount ordered. *United*

*States v. Dunigan*, 163 F.3d 979, 981 (6th Cir. 1999). If the defendant does not object to the

restitution order at his sentencing hearing, then we will review the sentencing decision under the

"plain error" standard. *United States v. Reaume*, 338 F.3d 577, 585 (6th Cir. 2003).

### B. Adequacy of the district court's factual findings

Clark argues that the district court violated Rule 32 of the Federal Rules of Criminal

Procedure—requiring the district court to rule on any outstanding objections to the PSR—by failing

to make adequate factual findings as to the restitution amounts owed to victims. Rule 32(i)(3)

provides as follows:

(3) Court Determinations.  At sentencing, the court:

> (A) may accept any undisputed portion of the presentence report as a finding of fact;
>
> (B) must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and
>
> (C) must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

Inexplicably, Clark does not cite Rule 32(i)(3) in his brief, but instead cites Rule 32(c)(1). Rule 32(c)(1) previously provided that "[f]or each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing."  Fed. R. Crim. P. 32(c)(1) (1999).  But on December 1, 2002, amendments to the Federal Rules of Criminal Procedure replaced Rule 32(c)(1) with Rule 32(i)(3).  *See United States v. Darwich*, 337 F.3d 645, 666 (6th Cir. 2003). Clark's sentencing hearing was held in April of 2003, so the applicable provision is Rule 32(i)(3), not Rule 32(c)(1).

The purpose of the new rule was to make clear that controverted matters at sentencing only require a ruling if the disputed matter will affect the eventual sentence.  *Darwich*, 337 F.3d at 666. Even before Rule 32 was amended, however, this court required a defendant to expressly call controverted matters to the court's attention before Rule 32(c)(1) would apply.  *See United States v. Hurst*, 228 F.3d 751, 760-61 (6th Cir. 2000) (holding that the court's factfinding duty under Rule

32(c)(1) was not triggered because the defendant failed to object to the sentence enhancement recommended in his PSR).

Rule 32 affords the parties several opportunities to object to the contents of the PSR. Within 14 days after receiving it, the "parties must state in writing any objections, including objections to material information . . . contained in or omitted from the report." Fed R. Crim. P. 32(f)(1). The probation officer may then consider the objections and revise the PSR as necessary. Fed R. Crim. P. 32(f)(3). At least seven days prior to sentencing, the officer must submit the PSR to the district court and the parties. Fed. R. Crim. P. 32(g). The probation officer must also attach an "addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them." *Id.* When the parties appear for sentencing, the district court "may, for good cause, allow a party to make a new objection at any time before [the] sentence is imposed." Fed. R. Crim. P. 32(i)(1)(D). Finally, the court may also permit the parties to introduce evidence relevant to the objections. Fed. R. Crim. P. 32(i)(2).

Clark had ample opportunity to object to the PSR and the order of restitution, yet he failed to do so. Specifically, he did not file objections to the PSR prior to sentencing. When the parties appeared for sentencing, Clark's attorney informed the district court that Clark had no objections to the PSR, although she did notify the court that she believed that some of the victims listed in the PSR had already received refunds. The district court then made "a finding that the presentence report accurately states the facts in the report and correctly calculates the guidelines applicable" to the case. Clark failed to object to that conclusion as well. Finally, when the district court announced the order of restitution during Clark's sentencing hearing, which included the instruction

that he need not pay restitution to those he had already paid, the court asked Clark's attorney if there was "anything else that the Court must do regarding Mr. Clark's case," to which Clark's attorney replied: "No, thank you, Your Honor." Clark thus disregarded numerous opportunities to demand that the district court make findings of fact in addition to those contained in the PSR.

Because Clark failed to object to either the PSR or the restitution order, this court reviews his sentence under the "plain error" standard. To establish plain error, a defendant must show that (1) an error occurred in the district court, (2) the error was plain, meaning that it was obvious or clear, (3) the error affected the substantial rights of the defendant, and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998).

Clark now contends that the district court erred in not making adequate factual findings, but he never raised this objection below. He also argues that some of the victims may already have received refunds, even though he offered no evidence as to whether he had actually made any such payments. Despite the district court's brief consideration of the amount, if any, by which the order of restitution should be offset, the court effectively resolved any potential detriment to Clark by ruling that Clark did not have to pay those victims to whom he had already provided restitution. *See United States v. Wiant*, 314 F.3d 826, 832 (6th Cir. 2003) (holding that the district court's cursory treatment of a factual matter related to victim payment was adequate under Rule 32(c)(1) because the "defendant expressed very little interest in pursing his objection"). There was, therefore, no "plain error" on the part of the district court. Because Clark did not trigger the district court's

factfinding obligation by objecting to either the PSR or the restitution order, he cannot now claim that the court violated Rule 32.

### C.      Payment schedule

Clark next argues that the district court erred in failing to establish a restitution payment schedule. By accepting the plea agreement, however, Clark waived his statutory right to have the district court set a payment schedule and instead agreed "that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution." The fact that the district court did not explicitly delegate the authority to establish a payment schedule to the Probation Office in the judgment is unimportant because the court had already established the amount of restitution to be paid. *See Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001) ("[The] sentencing court does not abrogate its judicial authority when it delegates the setting of a restitution-payment schedule to the defendant's probation officer, provided that the court first establishes the amount of restitution.") (citation and quotation marks omitted). This argument is therefore without merit.

### D.      Term of incarceration and ability to pay restitution

Against the advice of his attorney, Clark also argues that the district court erred in imposing a sentence at the top of the sentencing guideline range rather than from the middle or bottom of the range, and that the district court erred in failing to consider his limited financial means in ordering him to pay restitution from his earnings during incarceration. Clark's attorney raised both of these issues in the form of a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967) (holding that if court-appointed appellate counsel wishes to withdraw on the ground that an appeal

is wholly frivolous, counsel must include with the withdrawal motion "a brief referring to anything in the record that might arguably support the appeal").

With respect to Clark's argument that the district court should not have imposed a sentence at the top of the guideline range, we lack jurisdiction to consider the argument. Pursuant to 18 U.S.C. § 3742(a), a defendant may appeal only if (1) a sentence is imposed in violation of law, (2) a sentence is imposed as a result of an incorrect application of the guidelines, (3) an upward departure is made from the applicable guideline range, or (4) a plainly unreasonable sentence is imposed for an offense for which there is no sentencing guideline.

Clark does not challenge his sentence on any of these grounds, but instead argues that the sentence was too harsh given his lack of criminal history and the amount of loss to the victims. But because the district court has discretion to impose a sentence within the applicable guideline range, we cannot review Clark's sentence absent some error on the part of the district court. *See United States v. Pickett*, 941 F.2d 411, 417-18 (6th Cir. 1991) ("[A] district court's refusal to depart downward from a sentence within the properly computed guideline range is not appealable."); *United States v. Wilkinson*, No. 92-4376, 1993 WL 428718, at *2 (6th Cir. Oct. 21, 1993) (unpublished) ("[W]e have no jurisdiction over appeals that argue only that the district court may have failed to properly weigh certain factors in imposing an otherwise valid sentence within the applicable Guideline range.").

With respect to Clark's argument that the district court failed to consider his economic circumstances in determining the amount of restitution to be paid from his prison earnings, this court has previously held that a restitution order is permissible even if the defendant lacks the present

ability to pay. *United States v. Faasse*, 265 F.3d 475, 494 (6th Cir. 2001). "[A] district court must have at a minimum, some indication that a defendant will be able to pay the amount of restitution ordered," *United States v. Dunigan*, 163 F.3d 979, 982 (6th Cir. 1999), but specific findings of fact are not required, *United States v. Reaume*, 338 F.3d 577, 585 (6th Cir. 2003). In addition, the defendant bears the burden of demonstrating that a restitution order exceeds his resources and earning potential. Here, Clark has not made such a showing. We therefore find no error in the district court's failure to specifically analyze his ability to pay restitution.

**E.      Constitutionality of the Sentencing Guidelines**

The parties also submitted supplemental briefs addressing the constitutionality of the Sentencing Guidelines as applied to Clark's sentence in light of the recent decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004). Since that time, we have determined that the Sentencing Guidelines withstand a *Blakely* challenge. *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004). Clark's *Blakely* arguments therefore fail.

## III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.