NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0300n.06
Filed: April 19, 2005

No. 04-1589

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| GEORGE D. HARRIS, II, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: COLE and GIBBONS, Circuit Judges; and SCHWARZER, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** A confidential informant provided information to a federal agent that defendant-appellant George Harris, a convicted felon, was in knowing possession of a firearm in violation of federal law. The agent incorporated this information into an affidavit used to support a search warrant for Harris's residence. Based on evidence uncovered during the search, Harris was indicted on one count of knowing possession of a firearm by a felon. Harris pled guilty and was sentenced to twenty-seven months in prison. Harris appeals, arguing that the district court erred in: (1) finding that the agents executing the warrant complied with the knock-

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

and-announce rule; and (2) increasing Harris's sentence beyond what was supported by the guilty

plea.[1]  For the reasons set forth below, we affirm Harris's conviction and sentence.

**I.**

On November 8, 2002, Mark Kloostra, a Special Agent with the Bureau of Alcohol,

Tobacco, and Firearms (ATF), met with a confidential informant to secure information about George

Harris, a resident of Flint, Michigan, with multiple prior convictions on his record.  The  informant

had been used by Kloostra and other ATF agents numerous times, and he was considered truthful

and reliable by these agents.  The informant told Kloostra that he was at Harris's home on November

6, 2002, and Harris showed the informant a pistol he pulled out of his pants.  The informant also

claimed that there was powder and crack cocaine in the residence and that Harris told the informant

that Harris could sell him as much cocaine as he wanted.

Kloostra incorporated this information along with other information into an affidavit, which

served as the basis for a search warrant issued for Harris's home on November 8, 2002.  ATF agents

executed the warrant on November 14, 2002, and seized three firearms, ammunition, and drug

paraphernalia.

On June 11, 2003, a grand jury indicted Harris on one count of being a felon in possession

of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On January 23, 2004, Harris pled guilty to the

one-count indictment, but he only admitted to possession of one of the three firearms found in the

---

[1]In his appellate brief, Harris also argued that the district court erred in denying Harris's motion to suppress evidence without holding an evidentiary hearing and in denying Harris's motion for disclosure and production of the confidential informant.  However, at oral argument, Harris abandoned these arguments.

search of his residence. The district court sentenced Harris on April 28, 2004, imposing a sentence of twenty-seven months incarceration, which was the appropriate maximum sentence agreed to by the government in the plea agreement. This sentence included a two-level enhancement of Harris's base offense level based on the judge's determination that there were three firearms involved. *See* U.S.S.G. §2K2.1(b)(1)(A). Harris appealed to this court on the same day he was sentenced.[2]

## II.

## A.

"[T]he Fourth Amendment incorporates the common law requirement that police officers entering a dwelling must knock on the door and announce their identity and purpose before attempting forcible entry." *Richards v. Wisconsin*, 520 U.S. 385, 387 (1997) (citing *Wilson v. Arkansas*, 514 U.S. 927 (1995)); *see also* 18 U.S.C. § 3109 ("The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance...."). The district court in this case found that the federal agents who entered Harris's residence did in fact knock and announce their presence. In making this finding, the court credited the government's five witnesses and questioned the credibility of the defendant and his primary supporting witness, who "varied her testimony on the stand;...evaded questions on cross-examination; and...freely and voluntarily

[2]At oral argument, the government argued that Harris explicitly waived his right to appeal from his conviction or sentence in his plea agreement. Even if Harris did waive his right to appeal, though (an issue we do not decide), the government also admitted that it had not argued as much during the proceedings below, nor in its briefs on appeal. Thus, it has waived the right to argue waiver in this court. *See United States v. Wright*, 343 F.3d 849, 867 (6th Cir. 2003), *cert. denied*, 124 S. Ct. 2016 (2004).

admitted that she had intentionally lied on a prior occasion in this matter." This court will not

disturb a district court's factual finding that agents followed the knock-and-announce rule before

executing a search unless the finding is clearly erroneous. *United States v. Stewart*, 306 F.3d 295,

304 (6th Cir. 2002); *see United States v. Yarbrough*, 65 Fed. Appx. 539, 540-41 (6th Cir. 2003).

The district court is obviously better positioned than this court to judge of the credibility of the

witnesses heard during the hearings on Harris's motion to suppress. *See also* Fed. R. Civ. P. 52(a)

("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless

clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the

credibility of the witnesses."). Harris raises no argument on appeal that would lead us to question

the district court's judgment. We affirm the district court on this issue.

**B.**

Harris also appeals his sentence. After the appellate briefs in this case were filed, the

Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). We apply *Booker* to all

cases on direct review. *See id*. at 769. Harris argues on appeal that the judge's enhancement of his

sentence under U.S.S.G. §2K2.1(b)(1)(A) violated the Sixth Amendment.

In *Booker*, the Supreme Court held that the Court's rationale in *Apprendi v. New Jersey*, 530

U.S. 466 (2000), and *Blakely v. Washington*, 124 S. Ct. 2531 (2004), applied to the federal

sentencing guidelines. 125 S. Ct. at 755-56. Thus, in the federal courts, "[a]ny fact (other than a

prior conviction) which is necessary to support a sentence exceeding the maximum authorized by

the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved

to a jury beyond a reasonable doubt." *Id*. at 756. In the present case, Harris admitted to possession

of one of the three firearms found in the search of his residence in his guilty plea.  He also reserved

the right to "appeal the district court's decision imposing an offense level enhancement based on a

factor not the subject of a stipulation if the defendant makes a timely objection in the district court."

The district court enhanced Harris's sentence based on the fact that three firearms were involved,

a fact that was set out in the presentence investigation report (PSR).  Harris did not object to the PSR

at sentencing and thus is deemed to have admitted the facts therein.[3]  *United States v. Stafford*, 258

F.3d 465, 475-76 (6th Cir. 2001).  Therefore, he is deemed to have admitted that his crime involved

three firearms.

Because the district court did not base Harris's sentence on any facts other than those which

Harris admitted (by not objecting to the PSR), Harris's sentence did not violate the Sixth

Amendment.  *See Booker*, 125 S. Ct. at 756; *Apprendi,* 530 U.S. at 490 ("Other than the fact of a

prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory

maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *Blakely,* 124 S.

Ct. at 2537 ("[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge

may impose solely on the basis of facts reflected in the jury verdict *or admitted by the defendant*.")

(emphasis added); *see also United States v. Murdock*, 398 F.3d 491, 501 (6th Cir. 2005) (finding no

Sixth Amendment violation where defendant admitted facts found by judge). Harris did not raise the

---

[3]Harris's lawyer stated at sentencing, "I haven't made any objections that would affect the guideline scoring," and while he argued to the court that two of the guns were non-operable, he also admitted that there was "[n]o question for purposes of the guidelines they're...correctly stored [sic], okay."

Sixth Amendment issue in the proceedings below, so this court reviews his sentence for plain error.[4]

*Booker*, 125 S. Ct. at 769; *see* Fed. R. Crim. P. 52(a); *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005) (in which both the majority and the dissent applied plain-error analysis to a sentence that did not violate the Sixth Amendment); *United States v. Oliver*, 397 F.3d 369, 377-78 (6th Cir. 2005); *see also United States v. Clark*, 117 Fed. Appx. 430, 434 (6th Cir. 2004) (noting that when a defendant fails to object to the facts set out in the PSR, his sentence is reviewed for plain error).

Under *United States v. Olano*, 507 U.S. 725, 732-37 (1993), before this court can correct an error under Rule 52(b), the court must find: an (1) error that both (2) is plain and (3) affects substantial rights. If these three conditions are met, then this court can correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)). As described *supra*, there is no Sixth Amendment error in the present case. Moreover, Harris did not argue that it was plain error for the district court to sentence him as if the sentencing guidelines regime were mandatory, since the Supreme Court has now held the guidelines to be advisory. *See Booker*, 125 S. Ct. at 767-69. This court has vacated the sentence of a defendant who made such an argument and remanded for resentencing, on the ground that "it was plain error for [the defendant] to be sentenced under a mandatory Guidelines regime that has now become advisory." *Barnett*, 398 F.3d at 526-31.

---

[4]In his plea agreement, Harris specifically reserved the right to "argue that the two-level increase of guideline 2K2.1(b)(1)(A) does not apply." Again, he did not pursue an objection to the enhancement at sentencing. Of course, whether the district court accurately applied the guideline is a different issue than whether the district court *could* constitutionally enhance his sentence beyond what Harris admitted. Harris raised neither issue below, and he himself recognizes the applicability of the plain error standard in his brief.

However, Harris did not make such an argument, so we do not consider it. *See United States v. Murdock*, 398 F.3d 491, 502 (6th Cir. 2005) (suggesting that unless a defendant makes such an argument, the court will not consider it); *United States v. Milan*, 398 F.3d 445, 455 n.7 (6th Cir. 2005) (same).

Assuming, *arguendo*, that Harris had argued that plain error existed because the district court considered the guidelines to be mandatory, Harris would have to show that the error affected his substantial rights. He is unable to do so in this case. Under *Barnett*, a defendant benefits from a presumption that his substantial rights were affected, "given the distinct possibility that the district court would have imposed a lower sentence under the new post-*Booker* framework and the onerous burden he would face in attempting to establish that the sentencing court would have imposed such a sentence." 398 F.3d at 529. However, in this case such a presumption is clearly rebutted. The district court stated at sentencing:

> And for those reasons ordinarily a sentence at the top of the guideline range is warranted in your case, but the Rule 11 agreement does not provide for that. But it seems to me that a sentence at the very top of your guideline range would have been appropriate for the purposes of both punishment and [deterrence].

These statements constitute "clear and specific evidence that the district court would not have, in any event, sentenced the defendant to a lower sentence under an advisory Guidelines regime." *Id*. at 529; *see also United States v. Crosby*, 397 F.3d 103, 117-18 (2d Cir. 2005) ("Perhaps in some cases an appellate court could make an educated guess as to the likely outcome of a remand, but that guess might be wrong, *absent a clear indication at the original sentencing* supporting the inference that the same sentence would have been imposed under the post-*Booker/Fanfan* regime.") (emphasis added). Therefore, the presumption of prejudice is rebutted in this case. In sum, even if Harris had

argued that it was error for the district court to sentence him under a regime that was mandatory at

the time but is now advisory, he would not be able to show that his substantial rights were affected.

There is no plain error in this case.

## III.

For the foregoing reasons, we affirm Harris's conviction and sentence.