CLAY, J.,
concurring in the judgment only.
I fully agree that Clements’ sentence must be remanded to the district court in light of our holding in United States v. Barnett, 398 F.3d 516, 525 (6th Cir.2005). I also agree that the district court did not err in denying a downward departure in Clements’ sentence for acceptance of responsibility. I decline to join the majority opinion because I believe that it inappropriately relies on pr e-Booker jurisprudence to analyze Clements’ claim that he was sentenced in violation of the Sixth Amendment. Furthermore, because Clements’ sentence must be remanded in light of Barnett, the majority’s extended Sixth Amendment discussion amounts to wholly unnecessary dicta. However, since the majority does address the issue, I am compelled to note my disagreement with its analysis.
In United States v. Stafford, 258 F.3d 465, 476 (6th Cir.2001), this Court held, pr e-Booker, that the failure to object to the type and/or quantity of drugs set forth in the presentence investigation report
*232 (“PSIR”) constitutes an admission of the type and/or quantity therein. The majority in the instant case applies Stafford, and concludes that by failing to object Clements effectively admitted the amount of methamphetamine set forth in the PSIR. This is undoubtedly a correct application of Stafford’s holding. However, the majority also concludes that Defendant’s failure to object to the PSIR constituted a forfeiture, and not a waiver, of his right to raise a Soofcer-based Sixth Amendment argument on appeal. The conclusion that Clements’ failure to object was both an admission and a forfeiture is illogical. It does not make sense to state that Clements admitted the amount of drugs used to calculate his sentence, but then also state that he forfeited a Booker argument that we may review for plain error. Booker specifically holds that “any fact ... which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant ...” United States v. Booker, — U.S. -, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) (emphasis added). Where the defendant has admitted the facts used to calculate his sentence, there is no Booker problem, thus there is nothing to review for plain error. This conclusion is consistent with Stafford, which, although purporting to apply plain error review, recognized that the district court did not “eommit[ ] any sort of error, plain or otherwise.” Stafford, 258 F.3d at 471. In my opinion, if the majority wishes to apply Stafford, it makes much more sense to simply conclude that Clements’ admission to the amount of drugs under Stafford forecloses any argument that his sentence violated the Sixth Amendment. See United States v. Harris, 132 Fed.Appx. 46, 49 (6th Cir.2005) (citing Stafford and concluding that the defendant’s failure to object to the PSIR means that “there is no Sixth Amendment error in the present case”).
Furthermore, in addition to disagreeing with the way in which the majority applies Stafford, I am not at all convinced that Stafford and the other cases cited by the majority actually survive Booker. Once again, because Barnett conclusively resolves Clements’ sentencing claim, I believe it is entirely unnecessary to rely on pre-Booker precedent such as Stafford and its progeny.
Because the majority’s conclusion that Clements’ failure to raise a Sixth Amendment argument before the district court constitutes a forfeiture that may be reviewed for plain error is illogical in light of the conclusion that Clements’ failure to object to the PSIR constituted an admission under Stafford, and is superfluous dicta, I respectfully decline to join the majority’s opinion.