NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0538n.06
Filed: June 22, 2005

No. 04-5414

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,           )
                                    )
          Plaintiff-Appellee,       )     ON APPEAL FROM THE
                                    )     UNITED STATES DISTRICT
     v.                             )     COURT FOR THE WESTERN
                                    )     DISTRICT OF TENNESSEE
CHRISTOPHER CLEMENTS                )
                                    )
          Defendant-Appellant.      )

BEFORE: DAUGHTREY and CLAY, Circuit Judges, and GRAHAM,[1] District
Judge.

     GRAHAM, District Judge.  Defendant-Appellant Christopher
Clements was indicted on January 16, 2003, in the Western District
of Tennessee for one count of conspiracy to manufacture
methamphetamine and one count of attempt to manufacture
methamphetamine in violation of 21 U.S.C. § 846, and one count of
aiding and abetting the possession of equipment, chemicals,
products and materials used to manufacture methamphetamine in
violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2.  Defendant
was arrested on January 29, 2003.  Defendant was arraigned on
February 5, 2003, and an order of detention pending trial was
entered.  On November 18, 2003, defendant entered a plea of guilty
to the conspiracy charge, Count 1 of the indictment.

     During the preparation of the presentence report, defendant
objected to the probation officer's determination of the quantity

---

[1]The Honorable James L. Graham, United States District Judge for the
Southern District of Ohio, sitting by designation.

of drugs used as relevant conduct to establish the defendant's offense level. In a sentencing memorandum filed on March 17, 2004, the defendant withdrew his objection to the amount of drugs utilized to calculate his base offense level. At the sentencing hearing held on March 18, 2004, defense counsel reaffirmed that the objection to the calculation of the quantity of drugs being used to determine the base offense level was being withdrawn. Accepting the probation officer's findings in the presentence report, the district court determined that the defendant's relevant conduct in the conspiracy was at least five hundred grams but not more than 1.5 kilograms of methamphetamine, yielding a base offense level 32.

Defendant made objections to the probation officer's conclusions that two levels should be added for obstruction of justice under § 3C1.1 of the United States Sentencing Guidelines ("U.S.S.G."), and that defendant was not entitled to a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The court granted defendant's objection to the enhancement for obstruction of justice.

The probation officer's conclusion that defendant was not entitled to a reduction for acceptance of responsibility was based on information that on February 24, 2003, subsequent to his indictment and arrest for the offense in this case, defendant was involved in the transmission of a recipe for manufacturing narcotics. A recipe for the manufacture of LSD was found in the apartment of Scott Pecukonis. The letter containing the recipe was found with an envelope which indicated that it had been mailed by the defendant from the West Tennessee Detention Facility, Mason, Tennessee, on February 24, 2003. Defendant's wife, Tonya Clements,

2

confirmed that defendant had sent the letter. The probation officer also relied on information that on March 19, 2003, defendant was involved in a scheme to smuggle marijuana into the detention facility. The probation officer received a summary of phone calls pertaining to the scheme, and defendant's wife admitted that defendant had asked her to smuggle marijuana to him.

At the sentencing hearing, defense counsel stated that defendant did not dispute the above information. He also conceded that the defendant's actions indicated that defendant had not accepted responsibility at that point, and that his actions were contrary to a finding of acceptance of responsibility. However, counsel noted that an entire year had passed since these incidents, during which the defendant had not engaged in any similar conduct. Counsel further argued that the defendant had admitted his responsibility for the offense of conviction when he pleaded guilty, and that he had done everything he could to cooperate with the government. The government argued that defendant's behavior was inconsistent with acceptance of responsibility, and further noted that defendant's lack of involvement in any further drug activity could be explained by the fact that after these incidents, defendant was transferred to a more secure federal facility.

The district court agreed with the government's position and concluded that defendant was not entitled to a reduction for acceptance of responsibility in light of his involvement with drug activity on two occasions following his arrest. Defendant was sentenced to a term of imprisonment of one hundred and thirty-five months. Defendant now pursues the instant appeal.

Acceptance of Responsibility

In his first assignment of error, defendant argues that the district court erred in not granting him a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We first note that during the pendency of this appeal, the United States Supreme Court rendered a decision in *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005), holding that the Sentencing Guidelines are no longer mandatory. However, under 18 U.S.C. § 3553(a)(4)(A), the sentencing range calculated under the Sentencing Guidelines is still a factor which must be considered by the district court in imposing sentence. Therefore, whether the district court correctly declined to grant a reduction for acceptance of responsibility under the Guidelines is a matter we must address as part of this court's review of the sentence for reasonableness as required under *Booker*.

The determination of the sentencing judge on the issue of acceptance of responsibility "is entitled to great deference on review." U.S.S.G. § 3E1.1, app. note 5. While the district court's factual findings for purposes of sentencing under the Guidelines are reviewed for clear error, a deferential standard of review is applied to the district court's application of the guidelines to the facts. *United States v. Webb*, 335 F.3d 534, 536-38 (6th Cir. 2003)(noting that the de novo review standard for the application of the acceptance of responsibility adjustment to uncontested facts used in *United States v. Jeter*, 191 F.3d 637, 638 (6th Cir. 1999) was no longer valid in light of *Buford v. United States*, 532 U.S. 59 (2001)).

Section 3E1.1(a) of the Guidelines provides that a defendant's

4

offense level should be decreased by two levels if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The defendant has the burden of proving by a preponderance of the evidence that he merits a reduction for acceptance of responsibility. *United States v. Hughes*, 369 F.3d 941, 945 (6th Cir. 2004); *United States v. Benjamin*, 138 F.3d 1069, 1075 (6th Cir. 1998). Factors which the court may consider in determining whether a defendant is entitled to a reduction under that section include: whether the defendant truthfully admitted the conduct comprising the offenses of conviction, and truthfully admitted, or did not falsely deny any additional relevant conduct for which the defendant is accountable; the voluntary termination or withdrawal of the defendant from criminal conduct or associations; and the timeliness of the defendant's conduct in manifesting the acceptance of responsibility. U.S.S.G. § 3E1.1, app. note 1(a), (b), and (h).

The entry of a guilty plea combined with truthfully admitting the conduct comprising the offense of conviction constitutes significant evidence of acceptance of responsibility under U.S.S.G. § 3E1.1, app. note 3. However, a defendant is not entitled to this reduction as a matter of right, and the fact that the defendant entered a guilty plea may be outweighed "by conduct of the defendant that is inconsistent with such acceptance of responsibility." *Id.*; *Webb*, 335 F.3d at 538; *United States v. Tilford*, 224 F.3d 865, 867 (6th Cir. 2000).

Under § 3E1.1(b), a defendant whose offense level is level sixteen or greater prior to the adjustment for acceptance of responsibility may qualify for an additional one-level decrease if

5

he has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. U.S.S.G. § 3E1.1(b). In order to qualify for the additional reduction under § 3E1.1(b), the defendant must also qualify for a decrease under § 3E1.1(a). U.S.S.G. § 3E1.1, app. note 6.

The district court declined to grant defendant a reduction for acceptance of responsibility on the ground that defendant's drug activities after his indictment and arrest but prior to his guilty plea were inconsistent with a finding of acceptance of responsibility. Defendant argues that his plea of guilty in this case entitles him to the reduction. He contends that since the incidents involving the LSD recipe and the attempt to smuggle marijuana occurred prior to the entry of his guilty plea, they cannot be considered in determining whether he is entitled to the reduction.

Defendant relies on *United States v. Jeter*, 191 F.3d at 640, where we noted that, although district courts have discretion in determining the time period for acceptance of responsibility, that discretion is not unbridled. In *Jeter*, we held that the district court could not use Jeter's preindictment state crimes as a basis for denying him a reduction for acceptance of responsibility, stating that "the defendant must be on notice that the federal government has an interest in his or her affairs before § 3E1.1 comes into play." *Id*. at 639-40.

Defendant also cites *United States v. Tilford*, in which this court concluded that, despite the fact that Tilford was alerted to

6

the IRS agents' interest in his affairs in 1993 when he was informed of the IRS investigation, the relevant time period for measuring Tilford's acceptance of responsibility began with the entry of Tilford's guilty plea in 1998. *Tilford*, 224 F.3d at 868. Tilford pleaded guilty on the same day he was indicted.

However, in *United States v. Harper*, 246 F.3d 520, 527 (6th Cir. 2001), *overruled on other grounds, United States v. Leachman*, 309 F.3d 377, 385 (6th Cir. 2002), we concluded that the district court properly evaluated the defendants' conduct for purposes of the acceptance of responsibility adjustment as of the date of the indictment. In *Harper*, the defendant wrote an obstructive letter after he was indicted, but three-and-a-half months prior to signing a plea agreement. This court noted that the district court could consider the defendant's behavior following his indictment in federal court in determining acceptance of responsibility "because the defendant is certainly 'on notice that the federal government has an interest in his ... affairs' at the time of indictment." *Id*. at 526-27 (quoting *Jeter*, 191 F.3d at 639-40). We stated that the defendant knew of the government's interest in his criminal activity, at the latest, when he was first indicted, and held that "the district court did not err by considering all post-indictment behavior when assessing whether to grant a downward adjustment under § 3E1.1." *Id*. at 527. Subsequently, in *United States v. Webb*, this court upheld the district court's denial of a reduction for acceptance of responsibility where the defendant continued to engage in drug trafficking after the execution of search warrants but prior to the defendant's arrest. *Webb*, 335 F.3d at 538.

Defendant relies on *United States v. Hakley*, No. 01-2423

7

(unreported), 2004 WL 1367481 (6th Cir. June 15, 2004). In *Hakley* a panel of this court held that the district court should only have considered the defendant's post-plea conduct. However, in *Hakley*, the other criminal activity in question occurred prior to the defendant's being charged by way of information. Thus, we do not believe that *Hakley* can be read as placing an absolute ban on the consideration of conduct which occurs prior to the entry of a guilty plea. Even if *Hakley* is so construed, it is an unreported decision, and to the extent that it conflicts with the previously published opinions in *Harper* and *Webb*, we are bound to follow *Harper* and *Webb*. *See* 6th Cir. R. 206(c).

The district court did not err in considering the defendant's post-indictment conduct in deciding whether the defendant was entitled to a reduction for acceptance of responsibility. The district court reasonably concluded that defendant's admitted continuing drug activities, which indicated the defendant's failure to voluntarily terminate or withdraw from criminal conduct or associations, was inconsistent with a finding of acceptance of responsibility. U.S.S.G. § 3E1.1, app. notes 1(b) and 3. The district court's denial of the reduction was reasonable. Since the court properly denied the reduction for acceptance of responsibility under § 3E1.1(a), defendant was not entitled to a further one-level reduction under § 3E1.1(b). Defendant's first assignment of error is DENIED.

Quantity of Controlled Substance

In his second assignment of error, defendant, citing *Blakely v. Washington*, 542 U.S. __, 124 S.Ct. 2531 (2004), argues that his

8

rights under the Sixth Amendment of the United States Constitution were violated when the district court sentenced him based on a quantity of drugs which was not found by a jury to have been proved beyond a reasonable doubt and not admitted by him. Defendant does not attack the factual accuracy of the district court's drug quantity findings. Rather, defendant contends that the sentencing procedures employed by the district court violated *Blakely* and *Booker*.

In *Blakely*, the Supreme Court held that the determinate sentencing system in effect in the state of Washington was invalid on Sixth Amendment grounds. During the pendency of this appeal, the United States Supreme Court issued a decision in *United States v. Booker*, in which the Supreme Court extended the reasoning in *Blakely* to the federal Guidelines. The Court in *Booker* held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756. The holding in *Booker* applies to all cases pending on direct appeal at the time of the decision. *Id.*, 125 S.Ct. at 769.

Defendant did not make an argument under *Blakely* or *Booker* before the district court, as neither of those cases had been decided at the time of the defendant's sentencing. Typically, where a defendant fails to assert an argument before the district court, that argument is deemed to be forfeited and is reviewed on appeal for plain error. *United States v. Milan*, 398 F.3d 445, 450-51 (6th Cir. 2005). However, in this case, the government argues

9

that the defendant's withdrawal of his objection to the probation officer's conclusions concerning the amount of drugs to be considered as relevant conduct operated as an admission of that drug quantity. The government's position is that defendant's withdrawal of his objections to drug quantity constituted a waiver by the defendant of any objection to that quantity, foreclosing any claim of error under *Booker*.

Waiver is distinguishable from forfeiture. Forfeiture is the failure to make a timely objection or assertion of a right, whereas waiver is the intentional relinquishment or abandonment of a known right. *United States v. Olano*, 507 U.S. 725, 733 (1993). Plain error review does not apply to cases of waiver, but may be invoked in the court's discretion to review rights that were forfeited below. *Id*. at 733-34.

In *United States v. Stafford*, 258 F.3d 465, 476 (6th Cir. 2001), we held that the defendant's failure to challenge the drug quantity findings made by the probation officer operated as an admission to the drug types and quantities contained in the report, and provided the requisite factual basis to sustain the defendant's enhanced sentence. *See also United States v. Roper*, 266 F.3d 526, 531-32 (6th Cir. 2001)(defendant's withdrawal of objection and stipulation to drug quantity in presentence report provided requisite factual basis for enhanced sentence); *United States v. Pruitt*, 156 F.3d 638, 648 (6th Cir. 1998)(defendant's statement that he had no objections to the presentence report constitutes an express admission of the amount and type of drugs attributed to the defendant in the report).

Although the above decisions stand for the proposition that

10

the failure to object to the probation officer's calculations of drug quantity constitutes an admission of that quantity, they do not specifically address whether that failure to object constitutes a waiver precluding plain error review of the district court's quantity determinations on appeal. In *United States v. Treadway*, 328 F.3d 878, 883 (6th Cir. 2003), we applied a plain error analysis to defendant's drug quantity challenge on appeal even though defendant did not object at sentencing to the drug quantity specified in the PSI. Thus, there may be a hypothetical case where a defendant could argue for a plain error analysis of a *Stafford* admission, such as where the parties learn after sentencing that the quantity finding was based on clearly erroneous information, or where the defendant at sentencing was unaware of or mistaken as to material facts.

However, such an issue is not before us here. Regardless of whether a *Stafford* admission results in a waiver or a forfeiture of any objection to the accuracy of the probation officer's drug quantity findings, that is not the nature of defendant's claim in this appeal. Rather, the defendant's argument is that his Sixth Amendment rights as defined under *Blakely* and *Booker* were violated by the sentencing procedure employed by the district court.

In *Stafford* and *Roper*, this court employed a plain error analysis in addressing an analogous argument that the sentences in those cases were invalid under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Stafford*, 258 F.3d at 476-79; *Roper*, 266 F.3d at 531. In *United States v. Stines*, 313 F.3d 912 (6th Cir. 2002), this court reviewed the defendants' *Apprendi* claim for plain error even though one defendant withdrew his objection to the drug quantity in the

11

report and another  defendant stipulated to a base offense level. We commented, "The subsequent withdrawal by Stines and stipulation by Ford could lead one to believe that defendants waived their claims challenging the drug quantity determination." *Id*. at 917. However, noting the distinction between waiver and forfeiture, this court went on to state that it "would have been impossible for the defendants to have intentionally relinquished or abandoned their *Apprendi* based claims considering *Apprendi* was decided after they were sentenced." *Id*. We concluded that the withdrawal of Stine's objection and Ford's stipulation resulted in a forfeiture rather than a waiver of their right to challenge the drug quantity determination on appeal, requiring review of their *Apprendi* claim under the plain error analysis. *Id*. at 917-18.

As in *Stines*, the defendant here could not have intentionally relinquished or abandoned his *Blakely* and *Booker* claims, since those cases were decided after he was sentenced. Therefore, we will address the defendant's claim under *Blakely* and *Booker* using a plain error analysis.

Under the plain error test, "before an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)(quoting *Olano*, 507 U.S. at 731). If these three criteria are met, then we may exercise our discretion to notice a forfeited error which seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Milan*, 398 F.3d at 451.

First, we must consider whether there was error under current law. *United States v. Rogers*, 118 F.3d 466, 471-72 (6th Cir. 1997).

12

In *Booker*, the Supreme Court held that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by the plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. *Booker*, 125 S.Ct. at 756. Here, Count 1 of the indictment alleged a conspiracy involving a "detectable amount of methamphetamine" and no particular quantity was specified in the plea agreement. However, under *Stafford*, the defendant effectively admitted the quantity of drugs used to calculate his sentence by withdrawing his objection to the drug calculations in the presentence report. Defendant's admission of drug quantity under *Stafford* constituted an admission of facts under *Booker*. Therefore, the district court's reliance on the amount of drugs attributed to the defendant in the presentence report did not violate the defendant's Sixth Amendment rights. *See Stafford*, 258 F.3d at 476 (rejecting defendant's *Apprendi* argument, and noting that "Defendant's factual admissions in this case obviate any possible concerns about the proper standard of proof.").[2]

However, the extent of defendant's rights under *Booker* does not end there. Defendant was sentenced under the pre-*Booker*

---

[2]Judge Clay states in his concurring opinion that it is inconsistent to hold that plain error review of defendant's *Booker* claim is available when defendant's *Stafford* admission forecloses any argument that his Sixth Amendment rights were violated. However, the starting point for determining the availability of plain error review is not whether the claim has merit. *Stines* indicates that where the defendant could not have intentionally relinquished or abandoned a constitutional claim first recognized after sentencing, a forfeiture, rather than a waiver, results, even if the plain error analysis ultimately reveals that the district court committed no error. *See Stines*, 313 F.3d at 917; *United States v. Harris*, No. 04-1589, 2005 WL 894581 at *2 (6th Cir. Apr. 19, 2005)(finding no Sixth Amendment error in light of *Stafford* admission after applying plain error analysis).

13

mandatory Sentencing Guidelines.  Because 18 U.S.C. §3553(b)(1) has been excised and severed under *Booker*, the district court erred by treating the Guidelines as mandatory when it sentenced defendant. *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005).  Thus, in this respect, the first branch of the plain error test is satisfied in this case.

The second issue is whether the error was "plain."  A "plain" error is one that is "clear" or "obvious."  *Olano*, 507 U.S. at 733-34.  Where the law at the time of trial was settled and clearly contrary to the law at the time of appeal, it is sufficient that an error be plain at the time of appellate consideration.  *Johnson*, 520 U.S. at 468.  In this case, the Sentencing Guidelines were mandatory when the defendant was sentenced, but *Booker* effectuated a "clear" and "obvious" change in law by making the Sentencing Guidelines advisory.  Thus, it was plain error for defendant to be sentenced under a mandatory Guidelines scheme that has now become advisory.  *See Barnett*, 398 F.3d at 525-26.

The third prong is whether the error affects the defendant's substantial rights.  Generally, for an error to affect a defendant's substantial rights, the error must have been prejudicial, such as error that caused the defendant to receive a more severe sentence.  *Olano*, 507 U.S. at 734; *United States v. Swanberg*, 370 F.3d 622, 629 (6th Cir. 2004).  However, in *Barnett*, a panel of this court held that a presumption of prejudice arises in cases where a defendant is sentenced under mandatory, rather than advisory, Guidelines, and where the district court could have imposed a lower sentence had it known that the Guidelines were merely advisory.  *Barnett*, 398 F.3d at 528 (prejudice presumed

14

because it would be exceedingly difficult for a defendant to show that his sentence would have be different under an advisory framework).

The *Barnett* court noted that the presumption of prejudice could be rebutted in a rare case where "the trial record contains clear and specific evidence that the district court would not have, in any event, sentenced the defendant to a lower sentence under an advisory Guidelines regime." *Id*. at 529. However, no such evidence exists in the instant case. Defendant was sentenced prior to the decisions in *Blakely* and *Booker*, and the district court did not indicate what sentence would be imposed if the Guidelines were regarded as advisory rather than mandatory. The case for remand is particularly strong where, as here, the district court sentenced defendant at the low end of the Guidelines range. *See United States v. Hamm*, 400 F.3d 336, 340 (6th Cir. 2005).

Because defendant was sentenced under the Sentencing Guidelines as a mandatory, rather than advisory, sentencing scheme, defendant's substantial rights have been affected, and the third prong of the plain error test has been satisfied.

Finally, we must determine whether this case warrants the exercise of our discretion. *Rogers*, 118 F.3d at 473. In accordance with *Barnett*, "[w]e conclude that an exercise of our discretion [to remedy plain error] is appropriate in the present case." *Barnett*, 398 F.3d at 530. This is a case where the error may be regarded as seriously affecting the fairness, integrity, or public reputation of judicial proceedings. *Milan*, 398 F.3d at 451. As we noted in *United States v. Oliver*, 397 F.3d 369, 381 n. 3 (6th Cir. 2005), we ought not assume that a defendant's sentence under

15

the new discretionary sentencing regime would be the same and therefore that a remand is superfluous.

Conclusion

For the foregoing reasons, we AFFIRM the district court's denial of a reduction for acceptance of responsibility under the Guidelines. In addition, we VACATE defendant's sentence and REMAND for resentencing consistent with this opinion and with the Supreme Court's decision in *Booker*.

**CLAY, J., concurring in the judgment only.** I fully agree that Clements' sentence must be remanded to the district court in light of our holding in *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005). I also agree that the district court did not err in denying a downward departure in Clements' sentence for acceptance of responsibility. I decline to join the majority opinion because I believe that it inappropriately relies on pre-*Booker* jurisprudence to analyze Clements' claim that he was sentenced in violation of the Sixth Amendment. Furthermore, because Clements' sentence must be remanded in light of *Barnett*, the majority's extended Sixth Amendment discussion amounts to wholly unnecessary dicta. However, since the majority does address the issue, I am compelled to note my disagreement with its analysis.

In *United States v. Stafford*, 258 F.3d 465, 476 (6th Cir. 2001), this Court held, pre-*Booker*, that the failure to object to the type and/or quantity of drugs set forth in the presentence investigation report ("PSIR") constitutes an admission of the type and/or quantity therein. The majority in the instant case applies *Stafford*, and concludes that by failing to object Clements effectively admitted the amount of methamphetamine set forth in the PSIR. This is undoubtedly a correct application of *Stafford*'s holding. However, the majority also concludes that Defendant's failure to object to the PSIR constituted a forfeiture, and not a waiver, of his right to raise a *Booker*-based Sixth Amendment

17

argument on appeal. The conclusion that Clements' failure to object was both an admission and a forfeiture is illogical. It does not make sense to state that Clements admitted the amount of drugs used to calculate his sentence, but then also state that he forfeited a *Booker* argument that we may review for plain error. *Booker* specifically holds that "any fact . . . which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be *admitted by the defendant . . .*" *United States v. Booker*, 125 S. Ct. 738, 756 (2005) (emphasis added). Where the defendant has admitted the facts used to calculate his sentence, there is no *Booker* problem, thus there is nothing to review for plain error. This conclusion is consistent with *Stafford*, which, although purporting to apply plain error review, recognized that the district court did not "commit[] any sort of error, plain or otherwise." *Stafford*, 258 F.3d at 471. In my opinion, if the majority wishes to apply *Stafford*, it makes much more sense to simply conclude that Clements' admission to the amount of drugs under *Stafford* forecloses any argument that his sentence violated the Sixth Amendment. *See United States v. Harris*, No. 04-1589, 2005 WL 894581 at *2 (6th Cir. Apr. 19, 2005) (citing *Stafford* and concluding that the defendant's failure to object to the PSIR means that "there is no Sixth Amendment error in the present case").

Furthermore, in addition to disagreeing with the way in which

18

the majority applies *Stafford*, I am not at all convinced that *Stafford* and the other cases cited by the majority actually survive *Booker*. Once again, because *Barnett* conclusively resolves Clements' sentencing claim, I believe it is entirely unnecessary to rely on pre-*Booker* precedent such as *Stafford* and its progeny.

Because the majority's conclusion that Clements' failure to raise a Sixth Amendment argument before the district court constitutes a forfeiture that may be reviewed for plain error is illogical in light of the conclusion that Clements' failure to object to the PSIR constituted an admission under *Stafford*, and is superfluous dicta, I respectfully decline to join the majority's opinion.

19