**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0827n.06
Filed: October 7, 2005

No. 04-4114

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| JOSEPH OSCAR FRYDMAN, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

**Before: MOORE, GIBBONS, and GRIFFIN Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant Joseph Oscar Frydman

("Frydman") appeals his sentence for conspiracy to commit extortion in violation of 18 U.S.C.

§ 371. Frydman asserts that he was sentenced in violation of *United States v. Booker*, 125 S. Ct. 738

(2005). Because we agree that Frydman's sentence violated *Booker*, we **VACATE** Frydman's

sentence and **REMAND** to the district court for resentencing consistent with *Booker*.

**I. BACKGROUND**

On January 14, 2004, Frydman pleaded guilty to conspiracy to commit extortion pursuant

to a plea agreement which Frydman had reached with the government. At the plea hearing, Frydman

admitted to having attempted to collect money from Steve Roudebush ("Roudebush"), a man who

owed Frydman $6,000, by detaining Roudebush in Frydman's office and threatening Roudebush

with bodily harm. Frydman also admitted that during this detention, he "struck [Roudebush] in the

chest, arm and back with the blunt end of [a] hatchet." Joint Appendix ("J.A.") at 37-38 (Tr. of Plea Hr'g at 5-6).

Before sentencing, a Pre-Sentence Report ("PSR") was prepared by the United States Probation Office. The PSR included a recitation of the underlying offense conduct and noted that Frydman "used the flat part of the [hatchet] blade to hit Roudebush instead of the sharp point. However, the blows caused bruises on Roudebush's body." J.A. at 246 (PSR at 5). As a result of the bruises inflicted by Frydman's hatchet blows to Roudebush's body, the PSR recommended that Frydman receive a two-level sentence enhancement for bodily injury to the victim pursuant to United States Sentencing Guideline ("USSG") § 2E2.1(b)(2)(A). At no time did Frydman or his defense counsel object to the assertion in the PSR that the hatchet caused bruising. Frydman did, however, file several motions regarding sentencing, including a motion for a downward departure based on diminished capacity pursuant to USSG § 5K2.13 and a motion to reconsider the sentencing calculation pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004). The government also filed a motion for a downward departure based on Frydman's substantial assistance pursuant to USSG § 5K1.1.

At sentencing the district court agreed with the PSR's recommendation that a two-level enhancement for bodily injury to the victim be applied to Frydman's base-offense level. The district court then calculated Frydman's total offense level along with his criminal history category and concluded that the appropriate guidelines range was fifty-seven to seventy-one months' imprisonment. The district court, however, granted both Frydman's motion for a downward departure based on diminished capacity and the government's motion for a downward departure based on Frydman's substantial assistance. Accordingly, the district court concluded that the

2

appropriate guidelines range was now eighteen to twenty-four months' imprisonment. The district court ultimately sentenced Frydman to eighteen months' imprisonment and denied Frydman's motion for reconsideration pursuant to *Blakely*. Frydman then filed this timely appeal.

## II. ANALYSIS

On appeal Frydman alleges that the district court sentenced him in violation of *Booker*. Specifically Frydman alleges that under *Booker*: (1) his sentence violates the Sixth Amendment in that the district court relied upon judge-found facts, namely that bodily injury occurred to Roudebush, in order to enhance Frydman's sentence; and (2) the district court erred in sentencing Frydman under the mistaken belief that the guidelines were mandatory. While we do not believe that a Sixth Amendment error occurred, we nonetheless agree that the sentence violated *Booker* and thus remand the case for resentencing.

Under *Booker*, a Sixth Amendment violation only occurs when a defendant's sentence is increased based upon a fact which is not "admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. Therefore, if a defendant admits a fact before the district court, the district judge may rely upon that fact to enhance a defendant's sentence without creating any constitutional infirmity. We have previously held that a defendant's statement that the defendant raises no objections to the content of a PSR constitutes an admission of the facts contained in the PSR. *United States v. Stafford,* 258 F.3d 465, 476 (6th Cir. 2001); *see also United States v. Clements*, No. 04-5414, 2005 WL 1506280, at *5 (6th Cir. June 22, 2005) (concluding that a defendant's failure to object to a PSR's calculation of a quantity of drugs constituted an admission of that quantity for *Booker* purposes).

3

Applying these principles to Frydman's sentence, we conclude that no Sixth Amendment violation occurred as a result of the district court's reliance on the bodily injury to Roudebush in order to enhance Frydman's sentence. Although Frydman did not admit to this fact during his plea hearing, this fact was included in the PSR. At sentencing Frydman did not challenge the validity of this fact. On the contrary, Frydman specifically admitted when questioned by the district court that he had no objections to the PSR other than those already filed.[1] J.A. at 75-76 (Sentencing Tr. at 2-3). We therefore conclude that Frydman admitted to bruising Roudebush with the hatchet, and thus the district court did not violate the Sixth Amendment by relying on this fact at sentencing.

Despite the fact that no Sixth Amendment violation occurred, we nevertheless conclude that Frydman's sentence violated *Booker*. Under *United States v. Barnett*, 398 F.3d 516, 525, 529 (6th Cir. 2005), a rebuttable presumption of prejudice and error requiring reversal arises where the district court sentences a defendant under the mistaken belief that the guidelines are mandatory. The district court in this case made it clear at sentencing that it felt that it was bound by the federal sentencing guidelines. *See* J.A. at 224 (Sentencing Tr. at 6) (noting that the district court sentenced the defendant "pursuant to the sentencing guidelines," that despite *Blakely*, "the sentencing guidelines must be followed by courts," and that "the guidelines . . . mandate" the two-level enhancement for bodily harm). Indeed, the district judge encouraged the defendant to file an appeal in order to benefit from a favorable ruling in *Booker*. J.A. at 224 (Sentencing Tr. at 6). Although the district court exercised discretion at sentencing and departed below the relevant guidelines range,

---

[1]Frydman made several objections to the PSR prior to the sentencing hearing but never challenged the assertion that the hatchet blows Frydman inflicted on Roudebush resulted in bruising. On the contrary, Frydman appears to have admitted to the bruising in his objection to the PSR's assessment of how many times Frydman struck Roudebush. J.A. at 263 (Addendum to PSR at 1) ("The defendant recalls that he hit Mr. Roudebush no more than four times, which he feels is consistent with the bruises on Mr. Roudebush's person.").

4

the district court acted under the mistaken belief that the federal sentencing guidelines mandated the circumstances under which downward departures were permitted along with the amount of downward departures. *See United States v. McCraven*, 401 F.3d 693, 700 (6th Cir. 2005) (remanding the case for resentencing under *Booker* despite the district court's earlier grant of the defendant's motion for a downward departure). Under *Booker*, a district court's sentencing discretion is no longer so tightly penned. We therefore conclude that the district court's sentencing of Frydman violated *Barnett*.

## III. CONCLUSION

For the reasons discussed above, we **VACATE** Frydman's sentence and **REMAND** to the district court for resentencing consistent with *Booker*.