GRIFFIN, Circuit Judge, dissenting.
I respectfully dissent. I would hold that defendant waived his right to raise a Booker challenge on appeal and received a reasonable alternative sentence. Therefore, I would affirm the sentence of the district court.
I.
In United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005), the Supreme Court held that “[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.” In United States v. Stafford, 258 F.3d 465, 476 (6th Cir.2001), we held that a defendant’s failure to challenge drug quantity findings made by the probation officer in the pre-sentence report (“PSR”) operated as an admission to those drug types and quantities and provided the requisite factual basis to sustain the defendant’s enhanced sentence. This proposition has been consistently applied to quantity determinations contained in PSRs. See United States v. Clements, 142 Fed.Appx. 223, 228-29 (6th Cir.2005) (citing Stafford, and holding that defendant’s withdrawal of his objection to drug quantities in PSR operated as an admission), reh’g en banc denied (6th Cir. Jan. 10, 2006); United States v. Roper, 266 F.3d 526, 531-32 (6th Cir.2001) (holding defendant’s withdrawal of objection and stipulation to drug quantity in PSR provided requisite factual basis for enhanced sentence); United States v. Pruitt, 156 F.3d 638, 648 (6th Cir.1998) (holding defendant’s statement that he had no objections to the PSR constitutes an express admission of the amount and type of drugs attributed to the defendant in the report); United States v. Harris, 132 Fed. Appx. 46, 48-49 (6th Cir.2005) (holding defendant was deemed to have admitted that his crime involved three firearms where he failed to object to inclusion of this fact in PSR).
Here, although defendant pleaded guilty only to count one of the indictment (the distribution of 76.3 grams of cocaine), the PSR specifically stated the drug types and quantities that defendant now contests. Defendant neither objected to the total amounts of cocaine detailed in the PSR, nor challenged the calculation of the guidelines in the PSR. At the sentencing hearing, in response to the court’s query as to whether there were any objections to the PSR, counsel for defendant stated that there were none. Furthermore, in a later response to the district court’s query as to whether there were any comments, defense counsel made the following statement and admission:
Your Honor, in regard to the application of the guidelines, there is no question what the government could prove in this case as far as amounts involved, but we have not waived our right for a jury to *942 determine that those are, in fact, true facts. We would stand on that statement that even though there has been a statement into the record at the time of the plea as to what the government could prove, my recollection is that my client and I stood here and did not disagree with those facts. It’s our position still that his constitutional rights would require that those facts be adopted and approved by a jury. We have not waived that right.
(Emphasis added.)
Defendant would have this Court hold that, although he did not contest any of the facts presented in the PSR at sentencing and entered a plea bargain with the government, Booker nonetheless requires these admitted facts to be determined by a jury. I disagree; post-Booker precedent in the Sixth Circuit does not support this conclusion. Defense counsel specifically stated that there was no objection to the facts contained in the PSR, but then attempted to raise an objection to the lack of a jury determination of the admitted facts. I would hold that this objection was insufficient to preserve a Booker challenge.
II.
Further, I respectfully disagree with the majority’s conclusion that the “alternative sentence” imposed by the district court was not reasonable. Defendant contends that the alternative sentence cannot stand because the district court failed to consider sentencing factors, other than the guidelines calculations, listed in 18 U.S.C. § 3553(a). This Court has recently held that sentences properly calculated under the Guidelines are entitled to “a rebuttable presumption of reasonableness.” United States v. Williams, 436 F.3d 706, 708 (6th Cir.2006). Like the defendant in Williams, defendant has not identified any § 3553(a) factors that the district court should have considered that would have made a difference in the sentence imposed. See id. at 708 (“Williams identifies no factor from § 3553(a) that would render his sentence unreasonable; instead he asks the court to conclude that the district court’s failure to explicitly discuss each factor rendered his sentence unreasonable.”). The district court’s remarks at sentencing indicated that it considered the need for correctional treatment pursuant to § 3553(a)(2)(D) (i.e., substance abuse treatment), and considered the sentencing range prescribed by the Guidelines pursuant to § 3553(a)(4)(A). I would hold that, in the absence of any assertion by defendant that the district court failed to consider a necessary factor, the “alternative sentence” was reasonable.
III.
For these reasons, I respectfully dissent. I would affirm the sentence of the district court.