# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-2890

_____

United States of America

*Plaintiff - Appellee*

v.

Joseph Michael Evenson, also known as Joseph Anderson Evenson

*Defendant - Appellant*

_____

No. 16-3268

_____

United States of America

*Plaintiff - Appellee*

v.

Miguel Angel Torres Alvarez

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Southern District of Iowa - Des Moines

_____

_____

Before WOLLMAN, LOKEN, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

These are the consolidated sentencing appeals of two participants in overlapping drug-distribution conspiracies. Joseph Evenson argues the district court[1] should not have treated him as a career offender under the advisory United States Sentencing Guidelines (Guidelines or U.S.S.G.). Miguel Torres Alvarez argues the district court should have sentenced him below what the Guidelines recommended, because of his difficult childhood and mental-health problems. With appellate jurisdiction under 28 U.S.C. § 1291, we affirm both sentences.

## I. EVENSON

Joseph Evenson was caught receiving about 167 grams of methamphetamine from someone under police surveillance. He pled guilty to conspiring to distribute a controlled substance. See 21 U.S.C. §§ 841(a)(1), 846. Evenson's presentence investigation report (PSR) recommended sentencing him as a "career offender" under Guidelines § 4B1.1(a)(3), which required that he "ha[d] at least two prior felony convictions of either a crime of violence or a controlled substance offense." Evenson initially objected to that determination. The point turned on whether Evenson's convictions for third-degree burglary and attempted burglary under Iowa law, see Iowa Code §§ 713.1, .2, .6A, .6B, counted as crimes of violence.[2]

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

[2]Evenson also had an Iowa conviction for assault on a jailer, see Iowa Code § 708.3A(3), which he no longer disputes was a crime of violence.

Before sentencing, Evenson reached an agreement with the government. If the government recommended reducing Evenson's offense level by two levels for playing only a minor role in the crime, see U.S.S.G. § 3B1.2(b), and if the district court accepted the recommendation, then Evenson "w[ould] withdraw his objections to the career offender enhancement." At Evenson's sentencing hearing, the district court confirmed the parties' resolution of the career-offender issue. Evenson's lawyer responded: "In light of the government's agreement to recommend a downward adjustment reduction for mitigating role, we will withdraw our objections to the application of the career offender guideline." The district court adopted the reduced offense level and sentenced Evenson to the low end of the resulting Guidelines range, 151 months in prison.

Two weeks later, the Supreme Court decided Mathis v. United States, holding an Iowa burglary conviction does not count as a "violent felony" conviction for purposes of triggering the Armed Career Criminal Act's fifteen-year mandatory minimum sentence. See Mathis v. United States, 579 U.S. ___, ___, 136 S. Ct. 2243, 2257 (2016) (applying 18 U.S.C. § 924(e)). Because we generally treat "violent felonies" under that statute as interchangeable with "crimes of violence" under the Guidelines,[3] see, e.g., United States v. Boose, 739 F.3d 1185, 1187 n.1 (8th Cir. 2014), Evenson argues it "follows inexorably" from Mathis that sentencing him as a career offender was a mistake. In Evenson's view, we should remand for resentencing under Federal Rule of Criminal Procedure 52(b), which authorizes us

---

[3]Neither Evenson nor the government mentions the so-called "residual clause" of Guidelines § 4B1.2(a)(2) (as in effect at the time of sentencing in May 2016, see U.S.S.G. § 1B1.11(a)), which extended the definition of "crime of violence" to include crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another"—and which, since about a year earlier, had no valid statutory analogue, see Johnson v. United States, 576 U.S. ___, ___, 135 S. Ct. 2551, 2563 (2015). We will therefore ignore it as well.

to correct "plain error that affects substantial rights . . . even though it was not brought to the [district] court's attention." See generally Johnson v. United States, 520 U.S. 461, 466-70 (1997).

Plain error relief is not available in cases of waiver, because waiving an issue "extinguish[es]" any potential error and leaves nothing to correct. United States v. Olano, 507 U.S. 725, 732-33 (1993). This is such a case. By raising and then withdrawing an objection to classifying his burglary convictions as crimes of violence, Evenson demonstrated "the 'intentional relinquishment or abandonment of'" his right to argue the point. United States v. Harrison, 393 F.3d 805, 806 (8th Cir. 2005) (quoting Olano, 507 U.S. at 733); accord, e.g., United States v. Thompson, 289 F.3d 524, 526 (8th Cir. 2002). That is, he waived it.

We recognize that "[w]aiver is different from forfeiture." Olano, 507 U.S. at 733. But Evenson did not simply "fail[] to make the timely assertion of [the] right." Id. The two Sixth Circuit decisions Evenson cites, United States v. Clements, 142 F. App'x 223 (6th Cir. 2005), and United States v. Stines, 313 F.3d 912 (6th Cir. 2002), though superficially similar to this case, are no basis for us to hold otherwise. Those cases involved defendants who, having at first disputed the quantity of drugs they were responsible for and then dropped those factual challenges at sentencing, sought on appeal to argue that letting the district court rather than a jury make the drug-quantity finding violated their Fifth and Sixth Amendment rights. See Clements, 142 F. App'x at 224-25, 228; Stines, 313 F.3d at 916-17. The court found forfeiture, not waiver—and thus undertook plain error review—emphasizing that the Supreme Court decisions on which the appeals were based (in Clements, United States v. Booker, 543 U.S. 220 (2005); in Stines, Apprendi v. New Jersey, 530 U.S. 466 (2000)) had not been issued yet at the time of sentencing. See Clements, 142 F. App'x at 229; Stines, 313 F.3d at 917. That fact was significant because the court apparently believed a defendant could not raise a Booker challenge before Booker, or an Apprendi challenge before Apprendi, so the timing of the Supreme Court rulings

-4-

conclusively established that the arguments the defendants had raised, and then given up at sentencing, must have been different from those they were advancing on appeal. See Clements, 142 F. App'x at 229; Stines, 313 F.3d at 917.

Mathis did not establish a new sort of challenge in the same way. As the Supreme Court presented it, the decision simply reflected the "straightforward" application of decades of precedent. Mathis, 579 U.S. at ___, 136 S. Ct. at 2257. More to the point, the substance of Evenson's Mathis argument today is the same as what he argued, without Mathis, in his objection to the PSR—that "his predicate offenses . . . are not qualifying 'felony crimes of violence' for purposes of U.S.S.G. section 4B1.1(a)" because "Iowa's burglary statute is not categorically a crime of violence."[4] Cf. Clements, 142 F. App'x at 229 (explaining the substantive difference between the challenge the defendant might have waived at sentencing and what he argued on appeal); Stines, 313 F.3d at 917. At most, Mathis strengthens that argument. The possibility of pursuing such a challenge and benefitting from a ruling like Mathis is precisely what Evenson traded away when he agreed to withdraw his objection in exchange for the certainty of an offense level reduction that immediately took more than three years off his Guidelines range.

Evenson, as the saying goes, opted for the bird in hand at the time of sentencing. On appeal, he asks this court to give him the two birds from the bush as well, after someone else caught them. We simply hold him to his choice.

---

[4]The fact that at the time Evenson was sentenced, circuit precedent held Iowa third-degree burglary to be a crime of violence under the Guidelines, see United States v. Stevens, 149 F.3d 747, 749 (8th Cir. 1998), did not mean Evenson "had no right to object at sentencing to the use of his burglary conviction as a qualifying offense," as he asserts. After all, Evenson did in fact object to just that point. Although he might have thought the odds were against him, Evenson certainly had every right to maintain his objection, argue his case, and try to convince the en banc court or the Supreme Court to overrule our precedent (or just wait and hope for a favorable ruling in Mathis, which was due to be released any day).

## II.    TORRES ALVAREZ

Miguel Torres Alvarez sold methamphetamine to a police informant and was arrested on his way to a follow-up sale.  The police found 217 grams of methamphetamine in Torres Alvarez's car.  At his residence, the police found another 592 grams of methamphetamine (and 125 grams of ice methamphetamine), 583 grams of cocaine, 3,778 grams of marijuana, cash, a handgun, and ammunition.  Like Evenson, Torres Alvarez pled guilty to conspiracy to distribute a controlled substance.  See 21 U.S.C. §§ 841(a)(1), 846.  The Guidelines recommended a sentence between 168 and 210 months.  The government argued for 168 months.  Torres Alvarez asked the district court to vary down to 100 months.

Torres Alvarez's argument for a variance (to the extent he maintains it on appeal) was based on the traumas and difficulties he faced in the past, including "parental abandonment, physical abuse, sexual abuse, and substance abuse." Growing up, Torres Alvarez was permanently abandoned by his father, abandoned by his mother for several years, causing him to believe another woman was his mother until he was four or five years old, beaten by staff at the orphanage where he lived for a time, molested by his cousins, tricked by his mother into going to Mexico to work in the fields, and compelled to drop out of school after being stabbed and shot at by gang members.  As an adult, Torres Alvarez struggled with drinking, using cocaine and other drugs, and gambling, leading to debts he tried to pay by transporting drugs.  In light of that background, Torres Alvarez's lawyer argued "[t]he lack of trust and lack of understanding of how human interactions [work] . . . Mr. Torres must suffer is substantial."

The district court began its explanation of the sentence by noting the difficulty of the sentencing determination in this case, telling Torres Alvarez: "I accept that you have been on a pretty rough road and you're dealing with some mental health issues perhaps as a result of that, perhaps because of other exposures as well." Yet the district court found those factors counterbalanced by the seriousness of Torres

Alvarez's crime, particularly the large quantities of drugs involved—"a lot of poison available to a lot of people and a lot of damage to a lot of lives"—and the presence of a gun, as well as the need to avoid unwarranted disparities with the sentences other defendants received. See generally 18 U.S.C. § 3553(a) (listing sentencing considerations). The district court "conclude[d] that a variance is simply not supported under the record of this case." The district court "agree[d] . . . that the bottom of the guideline range certainly is fully sufficient" and therefore sentenced Torres Alvarez to 168 months.

Affording due deference to the district court, we discern no abuse of discretion in that analysis or conclusion. See, e.g., United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review); see also id. ("If the defendant's sentence is within the Guidelines range, then we 'may, but [are] not required to, apply a presumption of reasonableness.'" (alteration in original) (quoting Gall v. United States, 552 U.S. 38, 51 (2007))). There is no indication the district court "'g[a]ve[] significant weight to an improper or irrelevant factor'" or "'commit[ted] a clear error of judgment'" in weighing the relevant sentencing factors. Id. (quoting United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009), vacated, 562 U.S. 1267 (2011)). Nor did the district court "'fail[] to consider a relevant factor that should have received significant weight,'" id. (quoting Kane, 552 F.3d at 752), by "erroneously minimiz[ing] the egregious nature of" Torres Alvarez's circumstances or denying him the "particularized consideration" to which he was entitled, as Torres Alvarez asserts.[5] To the contrary, the district court's explanation makes clear it fully

[5]On appeal, Torres Alvarez also faults the district court for not addressing the role of addiction as a contributing cause of his crimes. Torres Alvarez did not clearly present this issue to the district court in his oral or written arguments—the only mention of addiction was in the psychological evaluation he attached to his sentencing memorandum. Further, we think the district court's reference to Torres Alvarez's "mental health issues" is best understood, in context, as an acknowledgment of Torres Alvarez's struggles with addiction.

appreciated the considerations Torres Alvarez identified, carefully weighed them against countervailing factors, and simply struck a different balance than Torres Alvarez. That is no grounds for reversal. See, e.g., United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).

## III.    CONCLUSION

Evenson waived the argument that his Iowa burglaries were not crimes of violence under the Guidelines, foreclosing appellate relief. Torres Alvarez was not entitled to a sentence below his Guidelines range. Both of their sentences are affirmed.

_____