# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3107

_____

United States of America

*Plaintiff - Appellee*

v.

Bruce Wayne Billingsley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: October 14, 2020
Filed: October 19, 2020
[Unpublished]

_____

Before COLLOTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Bruce Billingsley appeals after he pleaded guilty to a drug offense and the district court[1] sentenced him to a prison term at the bottom of the advisory Guidelines

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

range. His counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the calculation of Billingsley's criminal history score and the substantive reasonableness of his sentence.

Upon careful review, we conclude that Billingsley waived his challenge to his criminal history score when he withdrew his objection on that issue at the sentencing hearing. See United States v. Evenson, 864 F.3d 981, 983 (8th Cir. 2017) (waiving an issue extinguishes any potential error and leaves nothing to correct; by raising and then withdrawing an objection, defendant demonstrates the intentional relinquishment or abandonment of his right to argue the point). After the district court explained the calculation of the criminal history score and Billingsley's right to maintain his objection, Billingsley withdrew it saying, "I'll waive it." We further conclude that the district court did not impose a substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) (reviewing sentence under deferential abuse-of-discretion standard and discussing substantive reasonableness); United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, a sentence within the Guidelines range is presumed to be reasonable). In addition, having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal.

Accordingly, we affirm and grant counsel's motion for leave to withdraw.

_____