# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2161
_____

United States of America

*Plaintiff - Appellee*

v.

Jordan Dakota Ness, also known as Bubba

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: April 14, 2022
Filed: August 25, 2022
[Unpublished]

_____

Before LOKEN, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Jordan Ness pleaded guilty to possessing a firearm as a felon, and the district court[1] sentenced him to 96 months of imprisonment. Ness appeals his sentence.

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

I.

On August 4, 2020, Ness was indicted on three counts: possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1); distribution of a controlled substance near a protected location, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a); and possession with intent to distribute a controlled substance near a protected location, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). On November 18, 2020, Ness pleaded guilty pursuant to a plea agreement to possessing a .45 caliber pistol. The controlled substance charges were subsequently dismissed.

The Presentence Investigation Report (PSR) calculated a base offense level 20 because, in addition to the pistol, Ness possessed a semi-automatic firearm—a .22 caliber rifle—that is capable of accepting a high-capacity magazine. See USSG § 2K2.1(a)(4)(B). The PSR also calculated a two-level increase because Ness's offense involved three to seven firearms, see USSG § 2K2.1(b)(1)(A); a four-level increase because the .22 caliber rifle had an altered or obliterated serial number, see USSG § 2K2.1(b)(4)(B); a four-level increase because Ness possessed a firearm in connection with a controlled substance offense, see USSG § 2K2.1(b)(6)(B); and a three-level reduction for acceptance of responsibility, see USSG § 3E1.1. With a total offense level of 27 and a criminal history category V, Ness's advisory Guidelines range was 120 to 150 months of imprisonment, which was capped at 120 months due to the statutory maximum.

Ness filed objections to the PSR. As relevant here, he argued that base offense level 14—not 20—should apply because he was not aware that there were high-capacity magazines associated with the rifle in his possession. The district court overruled Ness's objection and adopted the PSR's calculation, finding that Ness's Guidelines range was 120 months of imprisonment. Ness requested a downward variance, while the government argued for a sentence of 96 months. The district court sentenced Ness to 96 months of imprisonment, followed by 3 years of supervised release.

II.

A.

Ness first argues that the district court's application of base offense level 20, pursuant to USSG § 2K2.1(a)(4)(b), was in error because there was no evidence that he knew the magazine clips associated with the rifle were high capacity. We review the district court's application of the Guidelines de novo. United States v. Miller, 11 F.4th 944, 955 (8th Cir. 2021).

Section 2K2.1(a)(4) provides that base offense level 20 applies where the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine." The Guideline provision includes no requirement that the defendant knew about the characteristics of the firearm or magazine. We recently reiterated that "the Sentencing Commission understands the difference between actus [reus] and mens rea and specifically includes a scienter element within a guideline when it intends mens rea to be considered." Miller, 11 F.4th at 956 (quoting United States v. Gonzalez-Lopez, 335 F.3d 793, 798 (8th Cir. 2003)). And "[w]e have refused to read scienter elements into guidelines where the Sentencing Commission has not provided them." Id. (quotation omitted). In Miller, for example, we rejected the defendant's argument that, because he did not know the barrel of the shotgun he possessed was less than 18 inches, the enhancement for possessing a shotgun with a barrel length of less than 18 inches should not apply. Id.; see also id. at 956–57 (citing cases from other circuits reaching similar holdings); United States v. Amerson-Bey, 898 F.2d 681, 683 (8th Cir. 1990) (holding that enhancement for possession of stolen firearm "does not require knowledge that the firearm was stolen"). We also rejected Miller's argument—which Ness raises here—that Staples v. United States, 511 U.S. 600 (1994), and Rehaif v. United States, 139 S. Ct. 2191 (2019), require the government to prove that the defendant knew about a firearm's characteristics for the higher base offense level to apply. See Miller, 11 F.4th at 957 (explaining that those cases are distinguishable "because they

explain that knowledge is a necessary element for certain *convictions*" and "do not discuss a *sentencing enhancement*").

Ness does not dispute that the .22 caliber rifle is a semi-automatic firearm capable of accepting high-capacity magazines, and the district court did not err in finding Ness's base offense level was 20.

B.

Ness testified at his sentencing hearing. On appeal, he argues that the government's cross-examination of him violated a provision of his plea agreement. Ness also argues that the district court improperly relied on the testimony elicited through cross-examination when deciding what sentence to impose.

First, we must determine whether this issue is properly before us. "A waiver . . . is 'the intentional relinquishment or abandonment of a known right.'" United States v. Chavarria-Ortiz, 828 F.3d 668, 670–71 (8th Cir. 2016) (quoting United States v. Olano, 507 U.S. 725, 733 (1993)); see also United States v. Harrison, 393 F.3d 805, 806 (8th Cir. 2005) (distinguishing waiver from a defendant's inadvertent failure to raise an objection in the district court). A defendant's waiver "extinguishes any potential error." Harrison, 393 F.3d at 808.

Ness did not object to the government's cross-examination, but that is not sufficient to establish waiver. See Chavarria-Ortiz, 828 F.3d at 671 ("Classifying a failure to object as a waiver when a right is well known and regularly involved would largely collapse the distinction between waiver and forfeiture."). However, later in the hearing, Ness's counsel indicated that he thought Ness's testimony on cross-examination may have been covered by the plea agreement, thus bringing the issue to the court's attention, although he added that he "[did not] really want to go down [that] route necessarily." In response, the government sought clarification on whether Ness was asserting that the government had breached the plea agreement and to "make a clear record" of Ness's position and of the documents relevant to

addressing the issue. The district court then expressly asked Ness whether he was alleging such a breach. Ness's counsel responded that he thought the government's action "probably" did not breach the plea agreement. Counsel added a caveat, saying he did not want to be "held to that" position, but he did not pursue the objection or further articulate his position on the nature of any possible breach.

Based on this record, we conclude that Ness waived his objection that the government breached the plea agreement by abandoning the objection when offered the express opportunity to present it squarely to the district court. See United States v. Evenson, 864 F.3d 981, 983 (8th Cir. 2017) (concluding defendant waived his right to argue that his prior burglary convictions were not crimes of violence because he raised and then withdrew his objection).

We affirm the judgment of the district court.

_____